May it please the Court, my name is Max Falkenflik of Falkenflik & McGarrity and I represent the appellant. And I respectfully request five minutes of time to reserve to respond to my adversary. Your Honor, the issue here is really two issues, although sometimes treated by the appellee and by the courts as one. The first issue is whether or not, that is, what conduct is illegal under Section 7 and Section 8 of the National Labor Relations Act and what are the consequences of that illegality. With respect to what conduct is illegal, that's been conclusively determined by the NLRB in the rulings in D.R. Horton and Murphy Oil. Well, can we separate this for a second? Surely, Your Honor. The Supreme Court has said that collective lawsuits are a form of Section 7 collective action. So we don't need the NLRB to tell us that. And I don't think the other side really disputes that. If they do, I'd like to hear it. But I'm concerned about what are we supposed to defer to in Murphy Oil, in your view? The NLRB has said something. It's certainly not an expert on the intersection of the FAA and the NLRA, because that's not what's given to it. So all we really have to defer to here is their conclusion that asking somebody to give up a right to collective action violates Section 7, right? Asking someone to give up a right to collective action in a contract that is a condition of employment is a violation of Sections 7 and 8, yes. Do we have to determine in this case whether there's a conflict between the NLRA and the FAA? Well, we have to determine if there is such a conflict, and I respectfully submit that there is not, because of Section 2 of the FAA. When we look at the issue of illegality under Federal law, which has from time out of mind been a ground for, in law or equity, for the revocation of a contract, that is surely what Congress understood, or within the ambit of what Congress understood and intended, when it passed Section 2, saving clause. But does the NLRA, does it outlaw arbitration clauses? No. It outlaws clauses that restrict the right of employees to take concerted action in mutual aid or protection, which includes acting collectively or in a class in a litigation. So you start with the NLRA, but when I read the Supreme Court's cases on arbitration, they start with the FAA, and they say, okay, here's someone who's saying because they're bringing a suit under a particular Federal act, they're forgiven, they have a right that does not require them to arbitrate. And the Supreme Court says, no, we disagree, we have to interpret the arbitration agreement according to its terms unless there's a clear congressional command. And when they've found a — well, they haven't found a clear congressional command yet, but when they give some examples, it's statutes that specifically say predispute arbitration agreements are unenforceable. So here it seems like we're similarly situated to this long line of Supreme Court cases where if you start with the FAA, as the Supreme Court does, and we look at the NLRA, it doesn't specifically say anything about arbitration agreements. It has a concerted action language, but like the ADA, collective action. So help me understand how we can find a specific congressional command that would say the arbitration agreement is not enforceable according to its terms. Well, Your Honor, I hope I can help Your Honor with that question, but I think the issue is not, and constitutionally cannot be, that the Supreme Court can establish for the legislature certain words that they must utter or procedures that they must follow in order to make their congressional intent clear. I think that having some sort of religious incantation referring to the FAA is not within the power of the court to establish. But we have a contract here. Yes, we do. That has many clauses. Yes, it is. And part of it is an agreement to arbitrate all disputes. Right. And another part of it is a waiver of right to seek collective action, if you will. That's correct. Let's assume that the waiver of right to seek collective action is inconsistent with the NLRA and therefore invalid, and we have a severability clause in this contract which says pull out the bad stuff, go on with the rest of it. It does. Where does that leave you? Don't you still have to go to arbitration at that point? You may have to waive it. It's as if you had signed a contract with no waiver at all. Now you file you come up and you file this complaint and they move it to arbitration. The arbitrator may well say to you, I can't help you with a class action because I don't have that power. And the Supreme Court seems to suggest that arbitrators don't have that power absent the agreement of the parties. But isn't the correct solution in this case to excise the class action waiver provision, leave you as if you just signed a contract with an arbitration clause in it, send it to the arbitrator and let you argue to the arbitrator what should happen? And, Your Honor, that may be. That's a matter of contract interpretation and the way in which the – whether the severability clause, which appears at page 35 of the record, ER 35, would say that there was consent to class arbitration in the event that the court invalidated the term, the waiver. You could make that argument, but here's what – I'm interested in what Judge Jakuta said here, and I want to – I want you to focus on it. The Supreme Court says we're not going to find that agreements are exempt from the FAA unless we find some indication in the Act and some other Federal Act, rather explicit, that we don't want things arbitrated. And I think you can see that's not true here, because if this were just – this is an individual arbitration agreement. You weren't seeking class action. You would say this goes to arbitration. Absolutely. Okay. So there's nothing in the Act inconsistent with the notion of arbitration. There is something in the Act inconsistent with the notion of class action waiver. So – and we have an agreement that says we strike that. We take it out. Why isn't that the right solution? And, Your Honor, it may well be. And I think I argued that in the supplemental brief in response to the amicus brief by the NLRB, that it's not a binary choice of arbitration or no arbitration. The question is whether that clause, whether the waiver clause, can be enforced. There is an issue, a due process issue, raised by Stolt-Nielsen. But I think that issue is resolved if, and in accordance with the Supreme Court rules, if the parties consent to a class arbitration. There's nothing that prohibits class arbitrations as a matter of Federal law or as a matter of arbitration law if the parties so consent. So they made that argument in AT&T Mobility v. Concepcion. And the Supreme Court sort of gave it the back of its hand. It said class actions are inconsistent with arbitration. So if you're saying you have to have a class action, you're disfavoring arbitration. That's in a nutshell. It was a lot more than that. And so why wouldn't we apply that here, that if we interpreted the NLRA as saying the concerted action provision precludes a waiver of class action, you're basically just disfavoring arbitration? And, Your Honor, I think the Supreme Court did not say it quite the way Your Honor did, respectfully. I think the Supreme Court said that a State rule under the Supremacy Clause may not disproportionately impact the right to proceed under the Federal law of arbitration. Why does State or Federal make a difference? I mean, the Supreme Court's been very clear. Anything that shows evinces judicial hostility or hostility towards arbitration is unenforceable. Because Congress has the right to determine otherwise. Right. But we have to interpret concerted action. So if we interpret it in a way that evinces judicial hostility to arbitration, aren't we going to get slapped down again by the Supreme Court? Respectfully, Your Honor, you do not have to interpret concerted action. The NLRB has done that for you. No, but I'm still asking a question. I think – I'm sorry. Go ahead, Judge Sotomayor. Respectfully, Your Honor, I think that issue is resolved. Look, the way I read the Supreme Court decisions on class arbitration, I think what they say is merely agreeing to arbitration doesn't give you the right to pursue class arbitration. You have to have some sort of consent by both sides to do that. I agree. Who would that be a question for in this case? I think in the initial instance, it would be a question for the district court to interpret the contract between the parties. After all, it's the – it's a matter of contract. That's what this Court said in Murphy v. Direct TV. Let me take you backwards then. What if the district court or the arbitrator said, the way I read the contract, they haven't consented to class arbitration, they've done everything possible to stay away from it, even if we knock this clause out of it, then are you – then are you left to arbitrate your individual claim? No. Then I think we're allowed to proceed in federal court. So you won't take the escape hatch in this case. You really want us to – you really want us to hold that arbitration is inconsistent with the NLR Act. No. Actually, Your Honor, I only want the Court to hold an arbitration that – if that is consistent with the contract as written. I mean, that's what the Federal Arbitration Act provides. And if the contract as written provides for a class arbitration, if the waiver is eliminated – Wait. Where does it – where does it provide for it? Where does it provide for that? In the severability clause. Well, so you say if we knock out one clause, we can find their consent to – to class arbitration? That's a – that's a pretty convoluted contractual interpretation, isn't it? And that's why I – that's why I – actually, I think it's a fairly straightforward contractual interpretation issue, respectfully. But that's why I say it's a matter for the district court to determine. The question if consent is a serious question. And it may well be that there can be no arbitration because of the interaction of cases like Stolt and the absence of consent to class arbitration, or the fact, alternatively, that there is no written contract that provides as written for a class arbitration, because obviously, under the FAA, you only enforce the contracts as written. So for many of those reasons, there may be no consent to arbitration. But Congress has determined, and Congress spoke its will through the NLRB, like the Oracle of Delphi. When the NLRB speaks, it's the intent of Congress and the voice of Congress they speak with, or to use former Chief Judge Kaczynski's phrase, the NLRB has a magic fountain pen. So the findings of the NLRB are the same as the findings of Congress in this case. But the NLRB, you can't ask us, I don't think, to give deference to the findings of the NLRB that there's a conflict between the NLRA and the FAA and the NLRA controls. I do not. That's not. They just interpret the NLRA. So I was asking you to start from the premise that the NLRA provided you with a right to collective action. That's as much deference as we can give to the NLRB, isn't it? Well, it's a little bit more than that, Your Honor, because under Section 8 of the NLRA, it declares contracts contrary to that as illegal. Now, we, Judge Akuta earlier today mentioned Skidmore deference, and I'd say that Skidmore deference applies also to the NLRB's interpretation of the Norris-LaGuardia Act. The Norris-LaGuardia Act prohibits any promise or undertaking in violation of the public policy expressed in Section 2 of that Act, which is. Does the NLRB administer? I was a little confused by that argument. Does the NLRB administer the Norris-LaGuardia Act? No, it's self-effectuating, Your Honor. It removes from this Court's jurisdiction. It's a jurisdictional argument. Okay. So we don't have any – we don't give any deference to an agency's interpretation of a statute it doesn't administer. I think under Skidmore you do. Well, Skidmore, if it's just a casual interpretation or informal interpretation of their statute, will give it Skidmore deference. No, I think. So what case says we would give Skidmore deference if one agency interprets somebody else's statute? I think it's not – if somebody else's statute, no case says that. I think Skidmore says. It is somebody else's statute because you don't administer it. Well, there's no agency that interprets the Federal Arbitration Act. I think Skidmore says that as to the Norris-LaGuardia Act, it is within their sphere of expertise. And so you give some deference, not Chevron deference, but some degree of deference. But leave it. Do you have a case that says that? Skidmore itself, Your Honor. Do you have a case that says it where you're not administering the act? It says that if the act is within the special expertise of the agency in Skidmore.  So you're relying on the special expertise. Skidmore is not any more than we'll give it what it's worth. And so we can give it what it's worth without Skidmore deference, can't we? I think you could, Your Honor. Skidmore is some – that it carries a little extra persuasion. But let's step aside from Skidmore and from the issues of Skidmore for the moment. There is no question that the NLRA, as interpreted by the NLRB, declares the contract clause in question illegal. Which contract clause in question? The contract clause prohibiting collective action or class action. But not the contract clause about arbitration. Absolutely. So then the question is, what's the consequence of that? We don't find – I mean, there are consequences under the NLRA, but we also find consequences under common law and under the FAA itself. And under common law and under the FAA, not under the NLRA, contracts which are illegal under one Federal statute may not be enforced by a Federal court. So that is – to get back to Judge Akuta's comment – that is where the issue of supremacy clause versus Federal acts becomes different. And under Connecticut National Bank v. Germain in the Supreme Court, under NIGG v. United States Postal Service in this Court, if there is such a conflict between the FAA and the NLRA, the Court may not refuse to enforce the NLRA, which is exactly what the Owen Court did, exactly what the D.R. Horton Fifth Circuit Court did. It may – must enforce, must enforce the statutes passed by Congress. And the statute, the congressional intent as expressed in the statute, the congressional intent is to render that clause, the bar and concerted action, illegal, which means as a consequence under Federal common law, that it cannot be enforced. Now, if we go beyond that and we say, well, let's look at the policies of the two statutes, we cannot do – respectfully, this Court cannot do what the Eighth Circuit did and what the Fifth Circuit did and say, let's look at which statute we prefer. So every circuit really has disagreed with your position? Every circuit has – who has ruled on this or expressed an opinion in dicta has disagreed. That – and that leaves this Court with the opportunity, respectfully, to get it right. Thank you, counsel. Thank you. And if I could have a little bit of time in rebuttal to that. We'll give you two minutes. Thank you, Your Honor. And just to equalize the time, why don't you put 17 on the clock? Good morning, Your Honors. My name is Rex Heinke, and along with my colleague, Greg Knopf, we are here on behalf of the appellants, Ernst and Young. I want to turn first to the question of the collective right, because I think it's being somewhat misunderstood. What is the nature of the collective right that exists here? We submit that the nature of that right is defined in this instance by Rule 23 and the provision in the Fair Labor Standards Act about collective actions. But let me ask you this. Let's assume you had this contract with Mr. Morris and – or any employee. And the contract had – didn't have an arbitration clause in it. It simply had a class action waiver clause in it. I'm sorry, waiver, like in court waiver? I give up my right to pursue a collective claim whether in arbitration or otherwise. No arbitration clause in the contract. So we're not worried about conflict with the FAA. Under that circumstance, would that waiver clause be enforceable? We believe so. Doesn't it conflict directly with the NLRB and the Supreme Court's interpretation of Section 7? I don't think so, because the right you have under the National Labor Relations Act to a concerted action doesn't create a right to a class action. No, I agree. What about pursuing a class action? Pursuing it. So it's a procedural mechanism. Rule 23 is a procedural mechanism. They concede there's no right to have a class certified, but they say all of the is that not collective action? You can do that, but what you can do is defined by the procedural right you have in court. But we all agree there's a procedural right. You might not get a class action. We're asking a different question. At the beginning, can you require an employee as a condition of employment to say I won't even seek a class action ever? And I think you can, because Rule 23 allows people to opt out, in effect to waive that right. So there's no reason they couldn't agree in a contract to waive that right. But you can waive lots of rights at the NLRA. I mean, I suppose you could waive the right to protest your boss's decisions too, couldn't you? But the difference here is that Congress has defined what the right to a class action is, and its definition of that right is a waivable right. The same thing is true for a collective action under the Fair Labor Standards Act. So Congress has defined what the scope of that right is. The National Labor Relations Act doesn't create any right to pursue a class action. It doesn't create any right to pursue a collective action. Those are rights that Congress conferred, said, oh, okay, you can pursue a class action, but it's waivable. And so is any right under the Fair Labor Standards Act. So let me rephrase your argument and see if I understand it. Your argument is that what they gave up here was merely a procedural right. It wasn't a right protected by the NLRA to pursue collective action? That's not quite how I would phrase it. Well, but that's how I phrased it. Why am I wrong? Well, what I would say is that they gave up what Congress conferred, which was a right under Rule 23. But it's a waivable right under 23. The collective right, or sorry, I should say the right to a concerted action under the National Labor Relations Act is no broader than what Rule 23 provides. That's all they have. If Rule 23 didn't exist, they'd have no right to a class action. It doesn't create an independent right to a class action. But they do have a right to pursue collective. You agree they have a right to pursue collective relief? They do. But what is that? Okay. It's defined by Rule 23. Let me get you off of this argument for a second because let's assume they have a right that they couldn't waive to pursue a class action, that that would violate Section 7. What's the consequence of that here? Well, then I think what has to be done is the court has to weigh that against the Federal Arbitration Act's policy. Well, but it's a separate issue, isn't it? The Federal Arbitration Act, they signed a contract with two different provisions in it. One was a class action waiver, if you will, collective action waiver. Another one was an arbitration clause. And so wouldn't we find the class action waiver part of the contract illegal? Well, if Congress had, in the National Labor Relations Act or anywhere else for that right to a class action, then they'd have an argument. But the concerted action provisions do. No, but you're still on. I'm asking you to assume for a second that that's what Section 7 says. Section 7 says you can't ask them in a contract to waive their right to a class action. Given that assumption, what do we then do with this case? Well, then I think it's what you were talking about with opposing counsel. So we then have a contract remaining with an arbitration clause. Right. They want to pursue class arbitration. You think they can't because of Concepcion and other cases. Who decides that? I think the court. The district court? Yes. I think that's a decision for the court, not for the arbitrator. When these cases, and I want you to just tell me. Because it's a gateway issue. I understand you. Okay. Here, let me tell you the difficulty I'm having with this sort of sequence of cases and statutes here and see if you can help me with it. When the FAA gets passed, there is no Federal arbitration. And then we get the NLAA being passed. And when it's passed, it's passed against a background of the Court's holding that employee, employer contracts are not subject to arbitration. Yes. Under the original FAA. And then it's not until 1951 that the Court says, oh, that only applies to transportation workers. The other ones are subject to arbitration. And it's not until 2000-something that the Supreme Court says, oh, by the way, when you agree to arbitration, you haven't agreed to a class arbitration. If we're looking to see what the framers of the NLAA intended, isn't it true that they just didn't think about these issues at all? Because none of them were real issues at the time? They didn't think about arbitration because it didn't apply to employees. They didn't think about class actions because they hadn't been invented yet. They didn't think about waivers because conceptions hadn't come down. So how do we find anything in these statutes that deals with the other statute? Well, I think I agree with you if what you mean by that is that Congress, when it passed the National Labor Relations Act or the Norris-LaGuardia Act, never thought that it was doing anything to ban waivers of class actions because they didn't exist. Congress couldn't have been sitting there when it passed those laws thinking to itself, oh, by the way, this is our clear command that there's no right to a class action. But Congress did seem, at least in my view, and I understand you disagree with it, to give a clear command as to the right to pursue collective action. And if it did, and we later find out that collective action is inconsistent with arbitration, how do we deal with that? Well, I guess my problem is I don't agree with the premise of it. Well, how does conception apply, I guess, is the question. Opposing counsel says it doesn't apply because that was a state unconscionability doctrine. So it doesn't apply when we're talking about a federal statute. Well, I think conception applies in this sense. What conception says is you cannot adopt a rule that makes arbitration slow, inefficient, and so on unless Congress says that expressly. Or unless the parties agree to it. Surely the parties can agree to class arbitration, can they not? Sure. And your opponent's argument is you effectively have. I'm not sure it's a winner, but that's their argument. Well, I think that's a complete loser under Stolt-Nielsen, which says you can't have class arbitrations unless you've expressly agreed to them. That's what Stolt-Nielsen's all about, the Supreme Court's decision there. So without an express agreement to a class action, you cannot have class arbitration. Maybe rephrase it. The Supreme Court says we won't read into the word arbitration alone an agreement to a class action. You need to have something more that shows some consent. I don't know whether it has to be expressed or implied. I'm not sure the Court necessarily said that, but it did say an agreement to arbitration alone doesn't carry with it an agreement to class arbitration. Right. So if that's the case, then, again, tell me how, and, again, accept my premise that, for a second, that your waiver of collective rights violates Section 7 of the Interlaw. Well, if what you're saying is that the National Labor Relations Act contains in it a clear command that you can't have waivers of class-wide arbitration, then we lose. Well, let me just, let me try it back. What does Concepcion tell us? Do we have to interpret concerted action more narrowly? I mean, it was a different, I think in Concepcion they just said California can't have this unconscionability rule if it's going to affect arbitration in this way. Right. So what do we do here? I mean, I think what that gets back to is what is the test that the Supreme Court has applied when it says class action waivers are invalid. And what it has said is if you want to trump the Federal Arbitration Act, you need to do something clear. There has to be a clear command. It can't be something vague or nebulous. It needs to be something that's expressed. Let me suspend the historical sequence for a second and ask you to assume that we had the Federal Arbitration Act. We had all the intervening Supreme Court decisions about the Act and Concepcion and other things. And today Congress passed the NLRA. And the NLRA had a provision in it which clearly said you can't give up collective rights. What would your position then be? We lose because it would be a clear command from Congress. So are you saying that just the words concerted action at that time don't mean collective? Well, what they cannot mean is a right to pursue a class action under Rule 23 because it didn't exist for another three decades. I understand. But if it occurred today, you would say you'd lose. Right? So if they passed it today, the NLRA, exactly in the same words, and I guess, again, except my premise that it would protect the right to bring a class action, at least to pursue one, would you lose? Well, here's what I'm having trouble with. You said, I think what you said, you're hypothetical, is assume the NLRA says what it says today, but that it means. Yeah, that's right, because that's what the NLRB has said. Right. But what, I mean, we've got this, so say the statute's enacted today, but with the same language. I don't think. How do we interpret it? Would that make a difference? I think it would fail to meet the test that there be a clear command that it trumps the FAA. Right. It's got to be more than that. Because look at all the cases the Supreme Court has said, this federal statute, that federal statute, do not create a right to a class action. The Antitrust Laws, the Americans with Disabilities Act in Gilmer, the statute there, which was modeled on the Fair Labor Standards Act, created an express right to have a collective action. And the Supreme Court said, even with that express right, it can be waived. And you can have a waiver of class arbitrations, no problem. And there's several cases like that where the Supreme Court has said the same thing, that there's no problem in waiving these kinds of rights. I don't dispute Congress could say it can't be waivable, but it hasn't. It needs to do something much clearer than adopt the National Labor Relations Act, which says you have a right to a concerted action at a time where neither the Fair Labor Standards Act created any collective action, and Rule 23 didn't even exist. I mean, I think it's almost impossible to say that Congress's intent when it passed the National Labor Relations Act was to outlaw the waiver of class actions. And if that was not Congress's intent, if that's not shown, then there's no clear command from Congress that trumps what is said in the Federal Arbitration Act. What if Congress used language, not knowing of the future existence of class actions, but used language which today the NLRB interprets as providing that employers can't require people to waive their right to pursue class actions? Well, I think that's exactly what the NLRB is saying. I know. So I'm trying to figure out what we do. The NLRB says this is what the statute means. It's what it's always meant. We're just applying it to a new set of circumstances. Why doesn't that provide an express statute? Because as Judge Kaczynski once said, waving his hands when they write it, we say it. Why doesn't that mean that the statute does do precisely what your opponents say it does? Well, I think even the NLRB in their brief concedes in their footnote 3. They say Section 7 protects employee rights to act in concert to pursue joint class or collective claims if and as available. That is, those rights are whatever is defined, has been defined. So what they have the right to do is pursue Rule 23. And if Rule 23 didn't exist, they'd have no right to seek a class action. They have a right under the Fair Labor Standards Act to pursue a collective action as defined there. But if Congress eliminated either of those, they wouldn't have them. And so when Congress adopted each of those, it defined just how far the concerted action right went. And how did it define both of those? As a waivable right. It can't be that Congress was thinking that we're creating some kind of non-waivable right here when each of those is expressly waivable. That just can't be a clear congressional command to trump the Federal Arbitration Act. So you're saying that the right to concerted action only goes to those types of actions that are not waivable. Is that what you're saying? No, no. It only goes, well, it only goes to those actions as defined by Congress. So yes, employees have a right to concerted action. And yes, it applies to class actions. But it doesn't create anything beyond what the class action rule says. So what concerted activities can employees not waive in their, in an agreement with an employer? No, I think they can't waive the right to strike, for example. Because Congress has said you have a right to strike. So you can't waive that right. And you have a right to organize, and so you can't waive that right. But when it comes to Rule 23, all they have is the right that Congress gave them in Rule 23. Which is to ask for, which is to ask somebody to give them class action, right? Or to waive it.  You can waive that right. Congress gave them the right to waive, or is there a waiver simply because you don't pursue it? No, Congress gave them the right to waive it because you can opt out. That is a right to waive. And under the Fair Labor Standards Act, you waive by not opting in. You have to opt in to what's called a collective action there. Otherwise, you're not a member of it. If you don't opt in, you're not a member. But we're talking here about the lead plaintiff. Because the lead plaintiff doesn't opt in. The lead plaintiff brings the case, and other people opt in or out. Sure, but my point is... You may be able to enforce that waiver against them. But how do you enforce the waiver against him for not bringing it? Because the question here is, has Congress created a non-waivable right, a substantive non-waivable right? And all Congress has created in this context is what Rule 23 is. And that is a waivable right, not a non-waivable right. So there's no prohibition on this plaintiff or any member of the purported class waiving that right. Congress hasn't decreed that they can't waive it. And that's what the NLRB's position comes down to. They say this is a substantive right, and it cannot be waived. That's why they say the agreement is not enforceable here. But Congress hasn't said that. It has said the opposite of that. If Congress wanted to say you have a non-waivable right to a class action, more power to Congress. But it hasn't done that. But it doesn't, I mean, isn't the argument asking for the waiver is interfering with the right to concerted action? Isn't that what they're saying, Section 8? Well, I guess I'm not sure I understand that. Their position, as I understand the NLRB's position and opposing counsel's position, is the right, say, to a class action is a substantive right that cannot be waived. You can't waive it. And, therefore, it trumps the Federal Arbitration Act because it's a clear command that you can't waive that. And what I'm saying is it's nothing of the sort. It's just the opposite of that. Congress has said that you can waive Rule 23. Congress has said that you can waive the Fair Labor Standards Act. So there cannot be any conclusion here that Congress was issuing a clear command that the right to a collective action under the Fair Labor Standards Act or the right to Rule 23 class actions is non-waivable. And that's the question. Is it waivable? Congress has said the exact opposite. It has said it is waivable. Thank you, counsel. Thank you. Maybe two minutes. We began our discussion this morning with talking about what the Court is required to defer to with respect to the NLRB's rulings in D.R. Horton and Murphy Oil. And I think that the last exchange with my friend, Mr. Heineke, sort of illustrates the problem with the position of the appellees in the Eighth Circuit and Fifth Circuit position, because Congress has said, has said that you may not waive your right to pursue collective or class actions under Rule 23 or otherwise in a contract as a condition of employment. And why do we know that Congress says that? Because the NLRB, which has the power to administer the NLRA, has expressly so held. And it's the same as if Congress wrote those words in the statute. So what must this Court defer to? This Court must defer to that conclusion. There is no question as to what they do. That conclusion is consistent with Supreme Court decisions, too, which talk of litigation as a form of collective action, do they not? It's consistent with these texts, which one could argue that they're not in the context of arbitration. Not in the context of arbitration. If there is a Supreme Court case saying, I guess I'm not understanding your question. No, I'm saying that the end that the Supreme Court has held and this Circuit has held time after time, starting with Justice Sotomayor. It was never a class action, right? Pardon me? It wasn't class actions under Rule 23. They were just pursuing joint legal actions or legal work together. That's correct, but. There's no class action. There's no holding that a class action that constitutes concerted legal action is there, or concerted action. There is a congressional command through the NLRB. I took you off track. I just asked you if it was consistent. No, it is consistent. I think that the Supreme Court statements in these texts, which could be characterized as dicta, but clearly made it clear that concerted legal action through a legal forum or otherwise would be covered by concerted action. And I think that's the express holding of Brady and the express holding of Mojave. But leaving that aside for the moment, my problem with the other circuits' decisions is that they do not defer to the NLRB in the way that Chevron requires. Chevron requires the NLRB's conclusion about what is substantive and what is not, and the reach of those substantive rights to class actions. That's been resolved. Now, just as a matter of history, it's not exactly correct that unified procedures weren't permitted. They were permitted under Equity Rule 48, and before that under Equity Rule 38. And there were possible ways of joining actions together, which may or may not apply to this particular case. And in the Rule 23, although adopted in the present form in 1966, there were lots of legal collective actions. And under the NLRA, actually, actions, arbitrations with a union concerning rights of employees are collective actions through a representative. So that is not exceptional. I'd also like to point out that it is highly significant that you will not, may not respectfully disregard the command of the NLRA as to illegality unless you find that there is a positive repugnance between the NLRA and the FAA. And that positive repugnance has to be clear and manifest, as you stated, Judge Hurwitz, recently in an analogous case of the Chinatown case. Scalia. I would never rely on anything I stated. Pardon me? You'd better get better authority. There must be a positive repugnance between the two statutes in order for one to be to determine that the one of the statutes has been repealed, and that positive repugnance must be clear and manifest. You can't look at the FAA, at the words of the statute, you cannot look at the legislative history and find a clear and manifest positive repugnance to the ability of Congress to narrow the FAA, which we submit is exactly what they did when they declared certain kinds of contract clauses illegal, and which my colleague admits that Congress has the power to do. Thank you, counsel. Your time has expired. Thank you. We thank you both for your arguments and your briefing today. The case list here will be submitted for decision.
judges: Thomas, Ikuta, Hurwitz